Opinion of the Court, by
Judge Owsley.
THE appellant, as sheriff, in 1790, was ordered by the county court to take possession of the estate of the ancestor of the appellees, and make sale and return an inventory, &c. according to the provisions of the law requiring the county court, where no person applies for administration of the estate of a deceased person, to order the same to be taken into the possession of the sheriff. The appellant accordingly received the estate, made sale thereof, paid various debts under the order of the court, and finally, in 1796, caused a settle *215 ment to be made with commissioners appointed by the court, in the presence of the appellees; and the same being reported, was approved of by the court, and ordered to be recorded. Several years subsequent to this, by the further order of the county court, other commissioners were appointed to adjust the accounts; and they having made report, it was also ordered to record. By the latter of these reports, although nothing appears to have been done by the appellant in relation to the estate, after the first settlement, about £98 was found due from him; whereas, by the first settlement, he was reported to have overpaid £106. In this state of case the appellees exhibited their bill in equity, for the purpose of compelling the appellant to account for the estate; and on a final hearing the court below made a decree in their favor for £46 16s. 3d. and costs, and from this decree the appellant has appealed to this court.
If the settlement made under the latter order of the county court be laid out of the case, there can be no question but what the bill of the appellees ought to have been dismissed; for, abstracted from that settlement, there is not the slightest shade of evidence conducing to prove the appellant to be any thing in arrear; but, to the contrary, the settlement first made shows conclusively a balance in his favor of about £100. This settlement, it is true, by the bill of the appellees, has been attempted to be falsified, as to three items, amounting to between forty and fifty pounds; but had those items been disproved, still, as there would be a balance in favor of the appellant, a decree unfavorable to him could not be maintained. But it is, moreover, apparent from the exhibits in the cause, that those items were properly allowed in the settlement; for, as they are composed of sums paid by the appellant under the order of the county court, it is plain, whether the estate of the appellees' ancestor ought, or ought not to have been chargeable with them, according to the most obvious meaning of the law under which the proceedings were had, as the appellant was bound, as sheriff, to obey the order of the court, he ought to be credited for the payments.
That the latter settlement should not subject the appellant to a further liability, we are also of opinion, from a sound construction of the law, is evident; for as, by the law, the appellant, as sheriff, was bound to act *216 in obedience to the order of the court, not only in selling, but also in the payment of debts and making distribution of the estate, after having done so, as by the first settlement appears to have been done in the present case, it would be preposterous, by a subsequent order of the court, to permit those acts of the sheriff, done under legal authority and in strict conformity to his duty, to be converted into a cause whereby he might be subjected to a further liability.
The decree of the court must, therefore, be reversed with costs; the cause remanded, and the bill of the appellees dismissed with costs.